IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CLINTON ANDREW WYNN, | ) Case No. 4:22-cv-00023-SMR |
|  | ) Crim No. 3:20-cr-00112-SMR-SBJ-1 |
| Movant, | ) |
|  | ) ORDER § 2255 MOTION |
|  | ) |
| v. | ) |
|  | ) |
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Respondent. | ) |

Before the Court is an amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Movant Clinton Andrew Wynn. [ECF No. 16]. He challenges his sentence imposed in *United States v. Clinton Andrew Wynn*, 3:20-cr-00112-SMR-SBJ-1 (S.D. Iowa) ("Crim. Case"). The Court takes judicial notice of the proceedings in that case.

## I.   BACKGROUND

### *A. Criminal Proceedings*

On November 3, 2020, a federal grand jury indicted Wynn on three counts of drug and firearm charges. Indict., Crim. Case, ECF No. 4. Wynn pled guilty, pursuant to a plea agreement, to one count of possession with intent to distribute a controlled substance and one count of carrying a firearm during and in relation to a drug trafficking offense. J., Crim. Case, ECF No. 41. The felon in possession charge was dropped on motion of the Government. *Id*.

On August 24, 2021, the Court sentenced Wynn to 272 months' imprisonment on the drug charge and 60 months' imprisonment on the firearm charge, to be served consecutively for a total sentence 332 months of incarceration. *Id*. On November 30, 2021, Wynn filed a motion seeking

1

leave to file an untimely appeal, noting that the appeal deadline had expired but sought the Court's leave to file an appeal. [ECF No. 43]. The motion was denied. [ECF No. 47].

### B. Habeas Proceedings

Wynn filed this § 2255 motion on February 1, 2022, asserting that he received ineffective assistance of counsel when his trial counsel failed to file an appeal of his criminal sentence despite express instructions to do so. The initial § 2255 petition was filed by Attorney Nicholas Sarcone, who represented Wynn during his criminal case. Attorney Sarcone immediately moved to withdraw after filing the petition due to the fact that it was his failure to file a requested appeal which was the asserted ground for relief. *Id*. The Court appointed counsel for Wynn in this § 2255 proceeding. [ECF No. 6]. Wynn's court-appointed counsel filed an amended Motion. [ECF No. 16].

### C. Analysis of Claim

Attorney Sarcone acknowledged in the initial § 2255 motion that Wynn directed him to appeal the sentence, but due to a miscommunication between him and his prior law firm, he did not file an appeal. [ECF No. 1]. The Government does not resist. [ECF No. 19].

"When a defendant has been unconstitutionally deprived of appellate review due to ineffective assistance of counsel, the prescribed procedure is for the district court to vacate the sentence and then reimpose it, allowing the defendant . . . to appeal . . . the new sentence." *United States v. Prado*, 204 F.3d 843, 845 (8th Cir. 2000); *see also United States v. King*, 691 F.3d 939, 940–41 (8th Cir. 2012); *United States v. Beers*, 76 F.3d 204, 205 (8th Cir. 1996); *Williams v. United States*, 402 F.2d 548, 552 (8th Cir. 1968). Therefore, the Court will vacate the sentence and re-sentence Wynn to provide a new appeal window.

However, the United States Court of Appeals for the Eighth Circuit has not held that a defendant is entitled to *de novo* resentencing following a successful § 2255 motion based on counsel's failure to appeal. *See United States v. Darden*, 915 F.3d 579, 583–84 (8th Cir. 2019) (upholding a district court's reinstatement of a sentence without holding a "plenary resentencing"); *Prado*, 204 F.3d at 845 (affirming the decision of a district court to reimpose a defendant's sentence).

### D.  Miscellaneous Motions

As a final matter, Wynn was permitted to file *pro se* any additional claims which he believed to be grounds for relief.  His stated grounds are somewhat unclear and many of them are to be raised on direct appeal rather than collateral review.  Because the Court is vacating Wynn's sentence, his remaining § 2255 claims are DENIED without prejudice.  *See Hayes v. United States*, 535 F. Supp. 3d 844, 856 (N.D. Iowa 2021) (citing *Mack v. Smith*, 659 F.2d 23, 26 (5th Cir. 1981); *McIver v. United States*, 307 F.3d 1327, 1332 (11th Cir. 2002).

Accordingly, Wynn's Motion for Extension, [ECF No. 22], in which he seeks a "6 months to 1 year" extension to file an addendum will be denied.  The Court will also deny two other Motions filed by Wynn, a Motion to Amend Reimposed Sentence to Include Credit for Pre-Sentence Incarceration and a Motion for Delay in Reimposition of Petitioner's Sentence.  [ECF Nos. 20; 21].  There is no need to delay the reimposition of sentence as the sentencing will occur with a scheduled hearing.  Also, the Court will ensure the judgment for the reimposed sentence will provide for the appropriate credits for time already served to assist the Bureau of Prisons' sentence calculation.

## II. CONCLUSION

For the foregoing reasons, Wynn's Motion to Vacate, Set Aside, or Correct Sentence is GRANTED. [ECF No. 16]. Any remaining § 2255 claims are DENIED without prejudice. The Motions relating to credit for time-served are both DENIED. [ECF Nos. 20; 21]. Wynn's Motion for Extension is DENIED. [ECF No. 22]. The Court will schedule a resentencing hearing in a forthcoming order.

IT IS SO ORDERED.

Dated this 8th day of August, 2022.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT